THE STATE v. W. B. BRISTOW.

BETTING ON A BILLIARD-TABLE.—An indictment for betting on a billiard-table should show that the table was used as a gambling device to evade the law, and not for the usual game of billiards.

APPEAL from Lavacca. Tried below before the Hon. W. H. Burkhart.

Appellee was indicted for betting on a "gaming table"

* * commonly called a "billiard-table." The indictment was quashed, and the District Attorney appealed.

*George Clark, Attorney General,* for the State.

*Hancock, West & North,* for appellee.

REEVES, ASSOCIATE JUSTICE.—The indictment in this cause charged that the defendant and one James Owens "did willfully and unlawfully bet on a certain gaming-table kept for the purpose of gaming by William Kroschel, which said table is commonly called a billiard-table."

The indictment was quashed by the court on the ground that it charged no offense against the defendant. Articles 412 and 418 of the chapter relating to gaming was amended first by the act of December 16, 1863, and again on the 11th May, 1871, and afterwards on the 9th April, 1873. Billiard-tables are not mentioned by name, if referred to at all, in the original articles or in the amendments. To prevent any misapprehension as to whether certain games are included within the meaning of the statute, it is declared that certain games, specified by name, are included within the meaning and intention of these articles, but not enumerating billiard-tables among the number; but after enumerating the games intended to be prohibited, the same article (2050) provides that "any game played for money upon a billiard-table, or table resembling a billiard-table, other than the game of billiards licensed by law, is punishable under the provisions of this chapter." While it was obviously the intention to include every species of gaming device known by the name of table, or bank, or without a name, it cannot be supposed that it was intended to prohibit the game of billiards as licensed by law. If it was used as a gambling device to evade the law, and not the usual game of billiards, it should have been so averred in the indictment. The charge fails to set forth with sufficient certainty that the alleged gaming, as applied to bil-

liards, was prohibited by the code, and fails to show by negative averment that it is not the licensed game of billiards.

The District Court sustained the exception and dismissed the case, and in this we think the court did not err, and the judgment is affirmed. If the law has been violated, the offense does not appear to be barred, and the wrong may be redressed on a proper bill of indictment.

JUDGMENT AFFIRMED.